UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK YOUNG,

                Plaintiff,

      v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

Case No. C17-624 BHS

ORDER REVERSING THE
COMMISSIONER'S FINAL
DECISION AND REMANDING
FOR FURTHER PROCEEDINGS

Mark Young appeals the ALJ's decision finding him not disabled. Dkt. 3. He

contends the ALJ erroneously rejected the opinions of Robert Schneider, M.D., and his

testimony about his limitations. As relief he contends the Court should remand the case

for an award of benefits or alternatively for further administrative proceedings. Dkt. 9 at

1, 9. For the reasons below, the Court finds the ALJ harmfully erred and **REVERSES** the

Commissioner's final decision and **REMANDS** the case for further administrative

proceedings under sentence four of 42 U.S.C. § 405(g).

## I.  ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Mr. Young has not engaged in substantial gainful activity since June
2015.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

**Step two:**  Degenerative disc disease, cervical and lumbar spine; obstructive sleep apnea; hypothyroidism; neurogenic bladder with urinary incontinence; degenerative joint disorder/arthritis of the bilateral hands are severe impairments.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Mr. Young can perform light work with numerous postural and environmental limitations.

**Step four:**  Mr. Young can perform past relevant work as a telephone sales representative and sales manager and is therefore not disabled.

AR 21-29. The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. AR 1.

## II.  DISCUSSION

### A.      The ALJ's Evaluation of the Opinions of Robert Schneider, M.D.

Mr. Young contends the ALJ erroneously rejected Dr. Schneider's opinions about the severity of his limitations. In 2015, after examining Mr. Young and reviewing his medical records, Dr. Schneider opined that based upon "history and physical examination," Mr. Young "is extremely limited in activities of daily living at any work site." AR 490. Dr. Young indicated Mr. Young's neurogenic bladder causes frequent voiding and incontinence that greatly embarrasses Mr. Young at work. The doctor also opined "this condition as well as arthralgia from previous injuries in both hands related to DJD, fatigue from sleep apnea, post-operative loss of full range of motion left elbow and shoulder are substantial barriers to a successful occupational placement." *Id.* Dr.

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

Schneider further opined "mild to moderate depression as a consequence to multiple injuries to the upper extremities and neck with chronic pain is significant when combined with a neurogenic bladder." *Id.*

The ALJ gave "little weight" to Dr. Schneider's opinions for four reasons. AR 27. First, the ALJ found the doctor "appears to have relied heavily on the subjective symptoms." *Id.* Substantial evidence does not support this finding. If a medical source's opinions are based "to a large extent" on a patient's self-reports of symptoms and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the source's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ryan v. Comm'r of Soc. Se*c., 528 F.3d 1194, 1199–1200 (9th Cir. 2008). Additionally, an ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

Here, Dr. Schneider did not question Mr. Young's credibility or find he was malingering. The record also does not show the doctor based his opinions heavily upon Mr. Young's statements. To be sure, the doctor noted Mr. Young's statements about subjective symptoms. But the doctor's conclusions are not simply based upon what Mr. Young said but rather, as Dr. Schneider indicated, "on history and physical examination."

AR 490. This is evidenced by the fact Dr. Schneider's report refers to Mr. Young's

records, and the results of the mental status and physical examinations he performed on

Mr. Young.

Second, the ALJ rejected Dr. Schneider's opinions as "not well supported by the

evidence." AR 27. The ALJ erred. In *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.

1988), the court explained that conclusory reasons will not justify an ALJ's rejection of a

medical opinion:

> To say that medical opinions are not supported by sufficient objective
> findings or are contrary to the preponderant conclusions mandated by the
> objective findings does not achieve the level of specificity our prior cases
> have required, even when the objective factors are listed seriatim. The ALJ
> must do more than offer his own conclusions. He must set forth his own
> interpretations and explain why they, rather than the doctors', are correct.

But this is what the ALJ erroneously did by rejecting Dr. Schneider's opinions as "not

well supported" and listing seriatim portions of the record in support. The ALJ provides a

conclusion but does not explain why his interpretation rather than Dr. Schneider's is

correct. Moreover, the medical evidence does not support the ALJ's finding. The medical

record shows Mr. Young suffers from the medical conditions noted by Dr. Schneider, and

that Mr. Young has problems with his joints and fingers, limits in moving his upper

extremities, incontinence, sleep apnea that causes drowsiness during the day, and chronic

pain. But the medical record does not contain findings that set forth functional limitations

that directly contradict Dr. Schneider's opinions. Hence substantial evidence does not

support a finding that the medical record undercuts Dr. Schneider's opinions, as the ALJ

implies.

Third, the ALJ rejected Dr. Schneider's opinion that Mr. Young's age (55+) and his medical conditions would make it very to find employment that meets the needs of the employer. AR 27. The ALJ found Dr. Schneider is not a vocational expert and thus unqualified to render the opinion. *Id.* The ALJ erred as a matter of law. *See Jager v. Barnhart*, 192 Fed. Appx. 589, 591 (9th Cir. 2006) ("As noted by the district court, one of the ALJ's reasons for rejecting Dr. Ehly's opinion—his lack of expertise in vocational issues—is clearly not legitimate."). The ALJ also found the opinion speculative but fails to explain why or how this is so. Dr. Schneider opined Mr. Young's medical conditions imposed significant functional limitations. He concluded that these limitations, i.e., his "medical conditions" and his age, would make it hard for him to be employable. There is nothing speculative about the conclusion given the doctor's opinions about the impact Mr. Young's medical conditions have on his functioning. In short, the ALJ failed to provide valid reasons to reject Dr. Schneider's 2015 opinions and erred.

The ALJ also rejected Dr. Schneider's 2016 opinions that Mr. Young was limited to using his hands "40% of an 8-hour workday." AR 27. The ALJ found this opinion is inconsistent with work Mr. Young performed in 2015, and how Mr. Young drove from Seattle to Boise, Idaho in August 2016. *Id.* That Mr. Young performed gainful work activity in 2015 is not grounds to reject Dr. Schneider's opinions because the ALJ found "the evidence does not show that any of these earnings [in 2015] resulted from work activity after the alleged onset date of June 3, 2015. AR 21. Hence, the ALJ incorrectly

rejected Dr. Schneider's opinion based upon activities Mr. Young performed during a

time period when he was not disabled.

That Mr. Young drove from Seattle to Boise once in 2016 also is not evidence

contradicting Dr. Schneider's opinions. The ALJ viewed this drive "as requiring

continuous grasping with internal rotation to steer, sitting well over 2 hours out of 8." AR

27. But there is no evidence supporting the ALJ's finding that the drive was one

involving twists and turns requiring "continuous" grasping and internal rotation, or that

Mr. Young drove for over two hours at a stretch. Rather, the evidence indicates Mr.

Young drove with considerable discomfort, had to make a number of stops, and it took

ten hours to drive what normally is a seven-and-a-half-hour trip. AR 48, 54. Accordingly,

substantial evidence does not support the ALJ's finding.

The ALJ also rejected Dr. Schneider's opinions on the grounds that he does home

chores and "did job searching and coaching." AR 27. The ALJ reasoned if Mr. Young

were disabled "he would be unable to perform these daily activities." *Id.* The ALJ erred.

The ALJ's reasoning is reliant on the notion that "disabled" individuals cannot perform

daily activities. This reasoning cannot be harmonized with the Ninth Circuit's repeated

assertion "that the mere fact that a plaintiff has carried on certain daily activities . . . does

not in any way detract from h[is] credibility as to h[is] overall disability." *Orn v. Astrue*,

495 F.3d 625, 639 (9th Cir. 2007). Of course the ALJ can properly discount a doctor's

opinion by articulating specific daily activities that contradict the opinion. For example a

claimant who walks two miles uphill each day engages in activity that contradicts a

doctor's opinion that the claimant is limited to walking no more than 200 yards a day. But the ALJ failed to articulate how doing chores or job searching were activities that contradicted Dr. Schneider's opinions. Each of these activities might take minutes to accomplish, and might not involve much use of the hands, and thus are not necessarily inconsistent with the doctor's opinions. Without more, the ALJ failed to provide a clear and convincing or specific and legitimate reason to reject the doctor's 2016 opinion.

**B.** **The ALJ's Evaluation of Mr. Young's Testimony**

Mr. Young contends the ALJ erred in failing to provide a specific reason to reject his testimony. Dkt. 9 at 10. Newly revised Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *13, provides guidance on how adjudicators should evaluate the consistency of a claimant's statements. SSR 16-3p, effective March 28, 2016, eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work. SSR 16-3p does not, however, alter the standards by which courts will evaluate an ALJ's reasons for discounting a claimant's testimony. To reject subjective complaints, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and convincing" reasons. *Morgan v. Commissioner of*

*SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Commissioner, SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008).[3]

The ALJ in this case did not find malingering and was therefore required to provide clear and convincing reasons to reject Mr. Young's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Mr. Young argues the ALJ erred in rejecting his testimony. First, as to Mr. Young's physical limitations, the ALJ found the "updated medical evidence does not support the allegations . . . and instead demonstrate . . . the claimant retains the maximum residual functional capacity (RFC) to perform a range of light work." AR 25.  Mr. Young argues this is an impermissibly vague rationale. Dkt. 9 at 11.

Generalized, conclusory findings do not suffice. *See Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."). Here, the

---

[3] In *Carmickle*, the Ninth Circuit rejected the proposition that there had to be a specific *finding* of malingering; rather, it was sufficient that there be *affirmative evidence* suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

ALJ's conclusory statement that the medical evidence does not support Mr. Young's testimony is an invalid conclusory statement.

Second, Mr. Young argues the ALJ erred in rejecting his testimony about the severity of his pain. The ALJ found "while the claimant alleges he is in constant, severe back pain, it is routinely noted in the evidence that he is not in any acute distress." At 26. The ALJ may reject a claimant's testimony on the grounds it is contradicted by the medical evidence. *Id.* But the medical record does not contradict Mr. Young's testimony. While the medical record routinely noted Mr. Young was not in "acute distress," the record also routinely noted concomitantly that Mr. Young had chronic pain. *See e.g.* AR 567 (no acute distress) and 566 (back pain). Hence the medical record indicates Mr. Young often presented with no acute distress **and** back pain, not no acute distress and **no** back pain. Accordingly, substantial evidence does not support the ALJ's rejection of Mr. Young's testimony about pain.

Third, Mr. Young argues the ALJ erred in rejecting Mr. Young's testimony on the grounds Mr. Young was not fully compliant with treatment. Dkt. 9 at 11. The ALJ found Mr. Young took expired amoxicillin when "common sense indicates that self-medication . . . might well have aggravated instead of improved his health." AR 26. The ALJ erred. An ALJ may consider a claimant's unexplained or inadequately explained failure to follow a prescribed course of treatment when assessing a claimant's testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But here, the evidence the ALJ cites does not involve a failure to follow treatment. Instead it involves how Mr. Young took amoxicillin

when he hit his head and needed 2-3 stiches. AR 732. Mr. Young reported what he did to his medical provider and there is no indication in the medical record that Mr. Young's actions aggravated his condition, or that the doctors told him his use of amoxicillin was problematic. Accordingly substantial evidence does not support the ALJ's rationale.

And fourth, Mr. Young contends the ALJ erred in rejecting his testimony on the grounds he was magnifying his incontinence and fatigue symptoms. The ALJ's determination relies on a single medical note indicating "not present fatigue, persistent infections, weight gain and weight loss." AR 817. However, this note also indicated Mr. Young had difficulty breathing at night; "blood in urine, difficulty emptying bladder, difficulty with urination, frequency, incomplete bladder emptying, incontinence, kidney stones, painful urination, urinating at night (1-2), urine leakage and weakstream." *Id.* The ALJ cannot cherry-pick only the parts of the record that support the ALJ's decision. *See e.g. Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("the ALJ improperly cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment") (citations omitted). Here the ALJ omitted parts of the record that supported Mr. Young's testimony and focused only on portions that supported the ALJ's conclusion.  The ALJ accordingly erred.

### III.  CONCLUSION

For the foregoing reasons, the Court finds the ALJ harmfully erred in rejecting the opinions of Dr. Schneider and the testimony of Mr. Young. The ALJ's errors are harmful

because the ALJ must consider all limitations and restrictions imposed by all of an individual's impairments. *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003). That did not occur because the ALJ's RFC determination did not properly account for all limitations set forth by the doctor or by Mr. Young. The case must accordingly be remanded.

As to the scope of remand, the Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). This occurs when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence. *Id*. at 1076-77. Even when all three requirements are met the Court retains flexibility in determining the appropriate remedy. Here additional proceedings would be useful. At step four, the ALJ found Mr. Young was not disabled because he could perform past relevant work. But this Court is not in a position to make a step five determination as to whether there are other jobs in the national economy that Mr. Young could perform even if his RFC was lower than assessed by the ALJ here. Given the need for further development, the Court concludes that it is appropriate to remand the case for further administrative proceedings.

On remand the ALJ shall reassess Dr. Schneider's opinions and Mr. Young's testimony, develop the record and reassess Mr. Young's RFC as needed, and proceed to steps four and five as appropriate.

DATED this 20th day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge